# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORMAN J. BERNSTEIN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:08-cv-1457 (WWE) |
| | : | |
| YALE UNIVERSITY, | : | |
| Defendant. | : | |

## ORDER DISMISSING CASE

Upon careful review of the Court of plaintiff's complaint and his amended complaint as well as Magistrate Judge Donna F. Martinez's Order on Motion for Leave to Proceed In Forma Pauperis and Recommended Ruling of Dismissal (Doc. #2), the Court will dismiss this case sua sponte for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Plaintiff's complaint alleges that he is an alumnus of Yale University and that he has been in contact with Richard Levin, President of Yale University, about publishing plaintiff's collection of poetry with Yale University Press, a publishing arm of defendant. Plaintiff seeks to have defendant publish his works as well as $22 million in damages, a value that correlates to a recent gift by plaintiff's class to defendant's endowment. He has filed an amended complaint, presumably in response to Magistrate Judge Martinez's recommended ruling, asserting a cause of action under the First Amendment.

Federal Rule of Civil Procedure 8(a)(1) requires that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Federal courts are courts of limited jurisdiction. Where the Court lacks subject matter

jurisdiction over an action, the Court must dismiss it.  See Fed. R. Civ. P. 12(h)(3);

Galland v. Margules, 191 Fed. Appx. 23 (2d Cir. 2006).

The Court lacks jurisdiction over this action under 28 U.S.C. § 1332 because

both plaintiff and defendant are citizens of Connecticut.  Furthermore, there is no

federal question jurisdiction because the action does not arise out of the Constitution,

laws, or treaties of the United States pursuant to 28 U.S.C. § 1331.  While plaintiff has

filed an amended complaint asserting a cause of action under the First Amendment to

the United States Constitution, Yale University is a private entity that is not limited by

the First Amendment.  See Hack v. President & Fellows of Yale College, 237 F.3d 81,

84 (2d Cir. 2000) (recognizing that Yale University is a private institution not bound by

the First Amendment); see also Flagg v. Yonkers Sav. and Loan Ass'n, FA, 396 F.3d

178, 186 (2d Cir. 2005).  There is no allegation that Yale University, in this case, was a

state actor that would establish jurisdiction.

While the Court of Appeals for the Second Circuit has warned courts about

dismissing cases sua sponte, see Digitel, Inc. v. MCI Worldcom, Inc., 239 F.3d 187,

189 n.2 (2d Cir. 2001), the Court believes that plaintiff has had sufficient notice that the

Court's jurisdiction has been questioned in light of Magistrate Judge Martinez's

recommended ruling of dismissal.  In addition, because plaintiff filed an amended

complaint and is a licensed attorney, plaintiff has had sufficient notice that his case may

be dismissed sua sponte.

In light of the foregoing, the Court dismisses this action pursuant to rule 12(h)(3)

of the Federal Rules of Civil Procedure.  The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 31st day of October, 2008.


_____/s/_____
Warren W. Eginton
Senior United States District Judge