# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORMAN J. BERNSTEIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:08-cv-1457 (WWE) |
| | : | |
| YALE UNIVERSITY, | : | |
|     Defendant. | : | |

## RULING UPON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Norman J. Bernstein has requested that this Court reconsider its ruling dated October 31, 2008 dismissing this action (Doc. #10) for lack of subject matter jurisdiction.

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

In his motion, plaintiff points to no facts or precedent which the Court may have overlooked and which would provide the Court with subject matter jurisdiction over this pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. No matter how Sisyphean plaintiff believes his case to be, this Court has no jurisdiction to entertain it.

Therefore, the Court GRANTS plaintiff's motion for reconsideration (Doc. #11). Upon review, the Court adheres to its previous ruling.

Dated at Bridgeport, Connecticut, this 17th day of November, 2008.

/s/
Warren W. Eginton
Senior United States District Judge